IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HERIBERTO JOSE LUIS MORALES MARTINEZ,<br><br>            Petitioner,<br><br>vs.<br><br>WARDEN, MCCOOK WEC FACILITY, et al.,<br><br>            Respondents. | 8:26-CV-319<br><br>MEMORANDUM AND ORDER CONDITIONALLY GRANTING WRIT OF HABEAS CORPUS |

The petitioner is a noncitizen currently detained by U.S. Immigration and Customs Enforcement at the McCook Detention Center in McCook, Nebraska.[1] He petitions for a writ of habeas corpus under 28 U.S.C. § 2241, asserting that his detention is unlawful. Filing 1. The Court will conditionally grant the petition.

The petitioner has lived in the United States since approximately 2007, when he was 10 years old. Filing 1 at 10, 22. In 2013, he was granted Deferred Access for Childhood Arrivals ("DACA"), which was extended once but has since expired. Filing 1 at 13; filing 8 at 2.

---

[1] The Court notes the government's suggestion that the petition is jurisdictionally deficient because 28 U.S.C. § 2242 requires a habeas petitioner to allege "the name of the person who has custody over him," but here, the petitioner simply identified his immediate custodian by title as the "Warden" of the McCook Detention Center. Filing 8 at 10-11. That suggestion is without merit. *See* Fed. R. Civ. P. 17(d) ("[a] public officer who sues or is sued in an official capacity may be designated by official title rather than by name"); *see also West v. State of La.*, 478 F.2d 1026, 1030 n.4 (5th Cir. 1973), *aff'd in part and vacated in part*, 510 F.2d 363 (5th Cir. 1975).

In April 2026, the petitioner was arrested for an alleged DUI. Filing 1 at 23. He was scheduled for a hearing at the Sarpy County Courthouse on May 6, where ICE located and arrested him. Filing 1 at 14, 23; filing 8 at 2. He was served with an administrative arrest warrant, issued a notice to appear, and placed in removal proceedings which remain pending. Filing 1 at 25-28; filing 10 at 3-4; filing 10-1; filing 10-2.

The government asserts that the petitioner's detention is warranted by 8 U.S.C. § 1225(b)(2)(A) as interpreted by *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). But the government's statutory authority to detain the petitioner is not the end of the argument. This Court has recognized that the government's affirmative decision not to detain an alien may give rise to a liberty interest in their continued release that is protected by the Fifth Amendment's Due Process Clause. *See Ixquiactap-Ajpacaja v. Mullin*, No. 4:26-CV-3143, 2026 WL 1295702, at *1 (D. Neb. May 12, 2026). And courts have repeatedly held that DACA's grant of deferred action—even when that protection expires—confers a liberty interest that cannot be taken away without a hearing. *See Gonzalez-Jaimes v. Warden of the Cal. City Det. Facility*, No. 1:26-CV-4534, 2026 WL 1983939, at *5 (E.D. Cal. July 9, 2026) (collecting cases); *see also, e.g.*, *Orellana-Rivera v. Johnson*, No. 5:26-CV-2116, 2026 WL 1390433, at *3 (C.D. Cal. May 14, 2026). For the reasons persuasively explained by the *Gonzalez-Jaimes* court, this Court finds that the petitioner has a due process right to a post-deprivation opportunity to challenge his detention.

IT IS ORDERED:

1.  The Petition for Writ of Habeas Corpus (filing 1) is conditionally granted.

2. The government shall provide the petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) and the corresponding regulations **on or before July 23, 2026**.

3. The petitioner and his counsel shall be told about the hearing in advance, and the petitioner shall have the opportunity to be represented by counsel and offer evidence to support reasons for his release.

4. If the government does not provide the petitioner with a bond hearing as required, the petitioner must be immediately released from detention.

5. **On or before July 28, 2026**, the government shall provide the Court with a status update regarding the bond hearing or, if no bond hearing was held, advise the Court regarding the petitioner's release.

Dated this 16th day of July, 2026.

BY THE COURT:

_____

John M. Gerrard
Senior United States District Judge

3